EUGENE B. DRAKE, Appellant, v. C. DUVENICK et al.,
Respondents.

## No. 1785; May 12, 1871.

**Judgment—Defective Service.—Acquiescence in a Judgment for Ten Years,** the rights of third persons having supervened, estops a defendant to question it on the ground of defective proof of service of process, even though the ground might have been good on motion to quash made before judgment rendered.

**Appearance.—Irregular Service of Process is Cured** by the defendant subsequently appearing and putting in his answer.

**Process—Service on One Defendant.—**Under the practice prevailing by statute in 1856, if several defendants resided within three miles of the county seat of the county in which suit was brought, service of the complaint upon one of them was service upon all.

**Judgment—Irregular Service—Collateral Attack.—**A judgment rendered in a suit begun by an irregular service of the summons and complaint, or of either, may not be attacked in a collateral action as void for want of jurisdiction.

**Process—Irregular Service on One Defendant.—**Irregular service of process upon a defendant does not relieve a codefendant, regularly served, from the judgment in the case rendered subsequently.

APPEAL from Fifteenth Judicial District, San Francisco County.

Drake & Kent for appellant; George & Cary for respondents.

See Drake v. Duvenick, 45 Cal. 455.

CROCKETT, J.—The plaintiff and defendants both claim title to the premises in controversy under Thomas Dorland; the latter, under a foreclosure sale and sheriff's deed, and the former, under a conveyance from Dorland, made more than ten years thereafter. At the trial, the defendants put in evidence the judgment-roll in the foreclosure suit, which was objected to by the plaintiff, on the ground that it affirmatively appeared therefrom that Dorland was not served with process and did not appear in said action; and consequently, that the court did not acquire jurisdiction of his person, and the judgment was therefore void as to him. The court, how-

ever, admitted the record in evidence and entered a judgment for the defendants, from which, and from an order denying a motion for a new trial, the plaintiff appeals. The principal question in the case is, whether or not it sufficiently appears in the judgment-roll in the foreclosure case that the court acquired jurisdiction of the person of Dorland. The proof of service upon him, as found in the judgment-roll, consists of the affidavit of one Comstock, in which he states that he "personally served a copy of the summons in this action on the defendant Thomas Dorland" in the city of San Francisco, on the 11th of February, 1856; and he further states, that on the 13th of February, 1856, he served a copy of the complaint and summons "on defendants Robinson and Mead, by serving said papers on their attorney in fact, Mr. Ladd, personally," in said city. It is objected to this proof of service on Dorland: Ist. That it does not appear that a copy of the summons was delivered to Dorland personally as required by law; 2d. That it does not appear that a copy of the complaint and summons was delivered to some one of the defendants as was required in such cases, as the law then was. It is true the affidavit does not distinctly state, in terms, that a copy of the summons was delivered to Dorland in person; and if a motion to quash the proof of service, on the ground that it was not sufficiently certain, and was irregular, had been made at the time, it ought, perhaps, to have been granted. But after Dorland has acquiesced in the judgment for ten or twelve years, and rights of property have vested under it, he or his grantee will not now be permitted, in a collateral action, to assail the judgment, on the technical ground that the proof of service is not quite as full and accurate as it should have been. In such a case, all reasonable doubts must be solved in favor of the sufficiency of the service. The language of the affidavit is that he personally served a copy of the summons on Dorland. This may well be construed, without torturing the language, as a somewhat awkward and clumsy method employed by an illiterate or unskillful person of expressing the fact that he delivered to Dorland, personally, a copy of the summons; and we think it should be so construed, in support of the judgment, on a collateral attack; and particularly after the lapse of so many years, and after valuable rights have vested under

the judgment. In respect to the service of a copy of the complaint, the affidavit states that copies of the complaint and summons were served on two of the defendants, by serving them "on their attorney in fact, Mr. Ladd, personally." Standing alone, this was no proof of service on the two defendants; but it appears from the judgment-roll that said defendants Robinson and Mead afterward appeared and answered the complaint. From this, it would not be a violent presumption to infer that they received from their attorney, Mr. Ladd, copies of the complaint and summons, delivered by Comstock. But whether this be so or not is not material, under my construction of section 28 of the Practice Act, as it stood in 1856, and which provided that if there be several defendants residing within three miles of the county seat of the county in which the action is pending, a copy of the complaint need be served on only one of such defendants. The only object of this provision was to require the plaintiff to furnish to some one of several defendants residing in close proximity to each other a copy of the complaint, for their mutual benefit, and to inform them of the precise nature of the action. A service of the summons on each of the defendants, without service of a copy of the complaint on any one of them, would doubtless be irregular and might be set aside, on a proper motion, made in due time. But such a service would not be absolutely void, and a judgment rendered after due service of the summons cannot be attacked in a collateral action as void for want of jurisdiction. A failure to serve a copy of the complaint on some one of the defendants was, at most, but an irregularity in the service, to be corrected on motion; but did not affect the jurisdiction of the court over the person of a defendant duly served with a summons. If a contrary rule prevailed, there would be but little safety to purchasers at judicial sales, under judgments against several defendants, rendered by default. The judgment-roll might show a due service of the summons on all the real defendants; whilst the copy of the complaint may have been delivered to a merely nominal defendant, having no interest in the controversy, and upon whom the judgment-roll might fail to show any service whatsoever. If the judgment-roll in such a case was offered in evidence in a collateral action, must it be deemed a nullity, as to the defendants, duly served

with the summons? I think such a result could not have been within the contemplation of the legislature, when it enacted section 28 of the Practice Act, as it stood in 1856. I discover no error in the record.

Judgment affirmed.

We concur: Temple, J.; Sprague, J.

Rhodes, J., and Wallace, J., dissented.

### PETITION FOR REHEARING.

See Drake v. Duvenick, 45 Cal. 455.

RHODES, C. J.—We might well have declined to consider the plaintiff's petition for a rehearing, on account of its indecorous tone. But construing the offensive language as indicating an apparent ignorance of professional decorum, rather than an intentional disrespect to the court, we have considered the petition; and entertaining some doubt on the points discussed, we deem it better that the cause should be reargued.

Rehearing granted.